22-6223
Pesantez Chavez v. Garland

BIA
Brennan, IJ
A209 124 646

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

HOLGER OMAR PESANTEZ CHAVEZ,
> *Petitioner*,

v.        **22-6223**

       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Walter Bocchini, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Holger Omar Pesantez Chavez, a native and citizen of Ecuador, seeks review of an April 5, 2022 decision of the BIA affirming a March 5, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1] *In re Holger Omar Pesantez Chavez*, No. A209 124 646 (B.I.A. Apr. 5, 2022), *aff'g* No. A209 124 646 (Immig. Ct. N.Y. City Mar. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings

---

[1] Pesantez Chavez does not challenge the denial of relief under the Convention Against Torture. *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

for substantial evidence and legal conclusions de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Pesantez Chavez alleged that, in March 2015, he was working as a "keeper" at a mine when eight people, including a police officer, assaulted him as they were "stealing materials from the mine." He did not report this incident to the police. Pesantez Chavez stopped working in the mines and started driving a cab. In May 2015, another individual driving his cab was shot. Pesantez Chavez believed the shooter was targeting him. In February 2016, Pesantez Chavez was transporting passengers in his father's truck when two individuals involved in the mine robbery, one of whom was the police officer, shot at the truck.

The agency did not err in concluding that Pesantez Chavez failed to establish a cognizable particular social group. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

An applicant must establish past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b)(1), (2), 1208.16(b)(1), (2). Pesantez

3

Chavez asserted a fear of persecution in Ecuador on account of his membership in the particular social groups of (1) perceived police informants; and (2) witnesses to crimes perpetrated by Ecuadorian police. "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, . . . and that the alleged persecutors targeted the applicant on account of h[is] membership in that group." *Paloka*, 762 F.3d at 195 (quotation marks and citations omitted). A cognizable social group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). Particularity requires that the group "be defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Paloka*, 762 F.3d at 196 *(quoting Matter of M–E–V–G–*, 26 I. & N. Dec. at 237). Social distinction turns on "whether society as a whole views a group as socially distinct, not the persecutor's perception." *Id.*

Pesantez Chavez argues that, under *Gashi v. Holder*, 702 F.3d 130 (2d Cir. 2012), his groups are distinct and particular. However, the group of potential

4

witnesses in *Gashi* was limited by both a specific set of war crimes and the publication of the witnesses' names; in contrast, Pesantez Chavez's proposed group of witnesses of crimes perpetrated by Ecuadorian police is not so limited because it could include any individual who has ever witnessed any crime by a police officer. Similarly, his proposed group of perceived police informants could include any individual who has ever reported a crime or been thought to be cooperating with the police. *See Ucelo-Gomez*, 509 F.3d at 73 & n.2 (concluding that group was not cognizable where membership was too "indeterminate" to establish who would be in the group). Moreover, the record does not establish that Ecuadorian society views the proposed groups as distinct, as the only evidence of such a perception was Pesantez Chavez's belief that his attackers were targeting him because of his actions after the initial robbery. *See Quintanillla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) ("While a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough, by itself, to establish a cognizable social group." (quotation marks omitted)). "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a

'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez*, 509 F.3d at 73.

The agency's conclusion that Pesantez Chavez failed to establish a cognizable particular social group is dispositive of both asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Accordingly, we do not reach the agency's alternative conclusion that Pesantez Chavez failed to establish a nexus between his harm and the proposed social groups. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court